IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD E. LITTLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1760 |
| | § | |
| SKF SVERIGE AB, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Defendants SKF Sverige AB and
SKF International AB's Motion to Dismiss (Doc. 19) and Defendant
SKF USA Inc.'s ("SKF USA") Motion to Dismiss (27). The court has
considered the motions, the responses thereto, all other relevant
filings,[2] and the applicable law. For the reasons set forth below,
the court **RECOMMENDS** that both motions be **GRANTED**.

## I. Case Background

Plaintiff Donald E. Little filed this lawsuit against six
purported corporate entities that belong to the SKF group of
companies seeking money damages for theft of trade secrets, fraud,
and defamation.[3]

Non-party AB SKF ("SKF") is a publicly traded Swedish company

---

[1]     This case was referred to the undersigned magistrate judge pursuant
to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the
Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 14.

[2]     SKF USA complaints that Plaintiff's response to its motion was
untimely. The court will consider it despite its untimeliness.

[3]     See Doc. 1-5, Ex. B3 to Swedish Defs.' Notice of Removal, Pl.'s Am.
Orig. Pet.

and the parent company of the SKF Group.[4] SKF owns one hundred percent of the shares in Defendants SKF USA and SKF International AB.[5] Defendant SKF International AB owns one hundred percent of the shares in Defendant SKF Sverige AB.[6]

In 2002 and 2003, Defendants SKF International AB and SKF Sverige AB (collectively, the "Swedish Defendants") entered into a series of contracts with Rolls-Royce AB for the design, development, and sale of bearings for integration into the "Mermaid" pod propulsion system utilized in cruise ships.[7] According to Plaintiff, Mermaid pod malfunctions resulted in multiple lawsuits by cruise ship owners against Rolls-Royce companies.[8] Plaintiff alleges that Rolls-Royce contracted with him for legal services to assist in the company's defense of these lawsuits.[9] Plaintiff claims that, in this capacity, he undertook an investigation into the cause of the pod malfunctions and, in so doing, developed trade secrets relating to the roller bearing

---

[4]    See Doc. 19-1, Ex. 1 to Swedish Defs.' Mot. to Dismiss, Aff. of Erik Wiksten ¶ 3.

[5]    See id.

[6]    See id.

[7]    See Doc. 19-2, Ex. 2 to Swedish Defs.' Mot. to Dismiss, Aff. of Par Malmberg ¶ 2.

[8]    See Doc. 1-5, Ex. B3 to Swedish Defs.' Notice of Removal, Pl.'s Am. Orig. Pet. ¶¶ 6, 10, 32, 34

[9]    See id. ¶ 6.

2

system installed in the Mermaid pods.[10]

Plaintiff filed this action on March 22, 2013, in state court in Harris County, and an amended petition on April 4, 2013, alleging that all six defendants "misappropriated Plaintiff's trade secrets in a number of ways, including coercion, deception, defamation, conspiracy and fraud."[11] Plaintiff further claimed that the defendants "committed fraud and strong armed [Rolls-Royce AB] counsel . . . to state in a settlement agreement that [Rolls-Royce AB] (Plaintiff) misappropriated the patent claims developed by Plaintff."[12] Lastly, Plaintiff alleged that the defendants "defamed [P]laintiff by written agreement that [Rolls-Royce AB] had misappropriated SKF intellectual property via Plaintiff."[13]

The Swedish Defendants and SKF USA are the only entities that Plaintiff has attempted to serve.[14]  The Swedish Defendants filed a special appearance and moved to quash service and dismiss in state court on June 13, 2013.[15]  On June 17, 2013, the Swedish

---

[10]    See id. ¶¶ 6, 10, 19.

[11]    Id. ¶ 16; Doc. 1-4, Ex. B2 to Swedish Defs.' Notice of Removal, Pl.'s Orig. Pet.

[12]    Doc. 1-5, Ex. B3 to Swedish Defs.' Notice of Removal, Pl.'s Am. Orig. Pet. ¶ 16

[13]    Id.

[14]    See Doc. 19-1, Ex. 1 to Swedish Defs.' Mot. to Dismiss, Aff. of Erik Wiksten ¶ 5; Doc. 25, Req. for Issuance of Summons as to SKF USA.

[15]    See Doc. 1-6, Ex. B4 to Swedish Defs.' Notice of Removal, Swedish Defs.' Special Appearance, Mots. to Quash Service and to Dismiss for Forum Non Conveniens, and Orig. Answer.

Defendants removed the case on the basis of diversity jurisdiction.[16]

The Swedish Defendants filed a motion to dismiss on August 19, 2013.[17] Plaintiff filed a response on September 16, 2013, and the Swedish Defendants replied on September 23, 2013.[18] SKF USA filed a motion to dismiss on November 22, 2013.[19] Plaintiff filed a response on January 22, 2014, and SKF USA replied on January 29, 2014.[20]

**II.  The Swedish Defendants' 12(b)(2) Motion to Dismiss**

The Swedish Defendants move to dismiss Plaintiff's suit for lack of personal jurisdiction.

**A.  <u>Legal Standard for Personal Jurisdiction</u>**

The Federal Rules of Civil Procedure ("Rules") authorize a court to dismiss an action against a defendant when the court lacks personal jurisdiction over that defendant. <u>See</u> Fed. R. Civ. P. 12(b)(2). On a motion to dismiss decided without the benefit of an evidentiary hearing, the plaintiff bears the burden of establishing a prima facie case in support of jurisdiction. <u>Johnston v.</u>

---

[16]    <u>See</u> Doc. 1, Swedish Defs.' Notice of Removal

[17]    <u>See</u> Doc. 19, Swedish Defs.' Mot. to Dismiss.

[18]    <u>See</u> Doc. 23, Pl.'s Resp. to Swedish Defs.' Mot. to Dismiss; Doc. 24, Swedish Defs.' Reply to Pl.'s Resp. to Swedish Defs.' Mot. to Dismiss.

[19]    <u>See</u> Doc. 27, SKF USA's Mot. to Dismiss.

[20]    <u>See</u> Doc. 31, Pl.'s Resp. to SKF USA's Mot. to Dismiss; Doc. 34, SKF USA's Reply to Pl.'s Resp. to SKF USA's Mot. to Dismiss.

<u>Multidata Sys. Int'l Corp.</u>, 523 F.3d 602, 609 (5th Cir. 2008).

The district court may receive "any combination of the recognized methods of discovery," including affidavits, interrogatories, and depositions to assist it in the jurisdictional analysis. <u>Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.</u>, 517 F.3d 235, 241 (5th Cir. 2008) (internal quotation marks omitted). The court resolves all conflicts in the evidence in favor of the plaintiff and accepts as true all of the plaintiff's uncontroverted allegations. <u>Johnston</u>, 523 F.3d at 609.

A federal court has personal jurisdiction over a nonresident defendant if the forum state's long-arm statute confers jurisdiction and if jurisdiction is consistent with due process under the United States Constitution. <u>Johnston</u>, 523 F.3d at 609. In Texas, the long-arm statute permits personal jurisdiction to the full extent allowed by the Due Process Clause. <u>Id.</u>

> The Due Process Clause . . . permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice."

<u>Latshaw v. Johnston</u>, 167 F.3d 208, 211 (5th Cir. 1999) (quoting <u>Int'l Shoe Co. v. Wash.</u>, 326 U.S. 310 (1945).

Minimum contacts are established with a state by a defendant whose "conduct and connection" with that state are significant enough that the defendant "should reasonably anticipate being haled

into court" in that state.  _Nuovo Pignone, SpA v. STORMAN ASIA M/V_,

310 F.3d 374, 379 (5th Cir. 2002) (quoting _Burger King Corp. v._

_Rudzewicz_, 471 U.S. 462, 475 (1985)).   The defendant must

"purposely avail[] itself of the privilege of conducting activities

within the forum state, thus invoking the benefits and protections

of its laws." _Nuovo Pignone, SpA_, 310 F.3d at 379 (quoting _Burger_

_King Corp._, 471 U.S. at 475).  Unilateral activity on the part of

the plaintiff will not satisfy this requirement.    _Hydrokinetics,_

_Inc. v. Alaska Mech., Inc._, 700 F.2d 1026, 1028 (5th Cir. 1983)

(quoting _Hanson v. Denckla_, 357 U.S. 235, 253 (1958)).

A federal court may exercise general or specific jurisdiction.

"[C]ontinuous and systematic general business contacts" are grounds

for the exercise of general jurisdiction over a nonresident

defendant for any cause of action regardless of whether the claim

arose from specific activity within the forum.  _Luv N'care, Ltd. v._

_Insta-Mix, Inc._, 438 F.3d 465, 469 (5th Cir. 2006) (citing

_Helicopteros Nacionales de Colombia, S.A. v. Hall_, 466 U.S. 408,

414 n.9, 415).   "The continuous and systematic contacts test is a

difficult one to meet, requiring extensive contacts between a

defendant and forum."   _Johnston_, 523 F.3d at 609 (quoting

_Submersible Sys., Inc. v. Perforadora Cent., S.A._, 249 F.3d 413,

419 (5th Cir. 2001) (internal quotation marks omitted).

Alternatively, specific jurisdiction may exist if the asserted

cause of action "aris[es] out of or [is] related to the defendant's

contacts with the forum." Luv N'care, 438 F.3d at 469 (citing Helicopteros, 466 U.S. at 414 n.8).  In the Fifth Circuit, courts apply a three-prong test in deciding whether specific jurisdiction exists, considering, "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009).

**B.**   **Analysis**

The Swedish Defendants argue that Plaintiff failed to establish that they had sufficient contacts with Texas to justify either general or specific jurisdiction.

**1.**   **General Jurisdiction**

In his amended petition, Plaintiff asserted that the Swedish Defendants had "subjected [themselves] to jurisdiction in the courts of Texas by virtue of engaging in, and/or carrying on a business or business venture in this state with Plaintiff."[21] Plaintiff claimed that "Defendants have extensive, systematic and continuous contacts with and dealings in the State of Texas," and

---

[21]   Doc. 1-5, Ex. B3 to Swedish Defs.' Notice of Removal, Pl.'s Am. Orig. Pet. ¶ 5.

7

that "SKF has an office specifically call the SKF Solution Factory in this state."[22]

The Swedish Defendants contest these claims in their motion to dismiss, providing testimony that they are headquartered in Sweden and organized under the laws of Sweden; neither lease nor own real property or any other assets in Texas; maintain no facilities in Texas; have no employees who work in Texas; are not registered to conduct business in Texas; have never advertised in Texas; have never designed, developed, or manufactured products in Texas; have never sold products to customers in Texas on a regular basis, if at all; and have no subsidiaries or divisions in Texas.[23]

Plaintiff responds that "[t]he SKF group is the largest bearing manufacturer in the world," and "numerous . . . companies in the State of Texas . . . sell SKF products."[24]  Plaintiff adds that he "can interact with SKF's website and has a login number."[25] Plaintiff claims that SKF USA has previously brought suit in Texas federal courts.[26]

Plaintiff does not distinguish between the corporate entities

---

[22]    Id.

[23]    See Doc. 1-6, Ex. B4 to Swedish Defs.' Notice of Removal, Aff. of Eva Karlsson ¶¶ 2-8; Doc. 1-6, Ex. B4 to Swedish Defs.' Notice of Removal, Aff. of Per Thoren ¶¶ 2-8.

[24]    Doc. 23, Pl.'s Resp. to Swedish Defs.' Notice of Removal, pp. 3-4.

[25]    Id. p. 5.

[26]    See id. p. 4

that belong to the SKF group of companies.  Plaintiff has failed to demonstrate that any contacts SKF or SKF USA may have with Texas may be imputed to the Swedish Defendants.  "As a general rule, . . . the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated."  <u>Freudensprung v. Offshore Tech. Servs.</u>, 379 F.3d 327, 346 (5th Cir. 2004); <u>see also</u> <u>Hargrave v. Fidreboard Corp.</u>, 710 F.2d 1154, 1160 (5th Cir. 1983) ("[S]o long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other.").

Overcoming the presumption of corporate separateness requires "proof of control by [one corporation] over the internal business operations and affairs of another corporation to make the other its agent or alter ego, and hence fuse the two together for jurisdictional purposes."  <u>Freudensprung</u>, 379 F.3d at 346 (alteration in original) (quoting <u>Hargrave</u>, 710 F.2d at 1160) (internal quotation marks omitted).  In determining whether this burden has been met, courts consider the following nonexhaustive factors: (1) the amount of stock owned by the parent of the subsidiary; (2) whether the entities have separate headquarters, directors, and officers; (3) whether corporate formalities are observed; (4) whether the entities maintain separate accounting

systems; and (5) whether the parent exercises complete control over the subsidiary's general policies or daily activities.  Hargrave, 710 F.2d at 1160.

Plaintiff has failed to allege, let alone adduce any evidence demonstrating, that the Hargrave factors compel the conclusion that SKF or the other SKF entities controlled the Swedish Defendants. Accordingly, the contacts of SKF and SKF USA with Texas may not be attributed to the Swedish Defendants in order to support the exercise of general jurisdiction.

In his response, Plaintiff also claims that, "[o]n information and belief, it is believed SKF distributors in Texas order parts from SKF Sweden by computer communication."[27]  Plaintiff provides no support for this allegation, which is directly contradicted by testimony provided by the Swedish Defendants.  This unsubstantiated contention is insufficient to support the exercise of general jurisdiction over the Swedish Defendants.

### 2.   Specific Jurisdiction

In addition to the assertion of general jurisdiction discussed above, Plaintiff asserts that the Swedish Defendants' contacts with Texas related to the present litigation justify haling them before this court.   Plaintiff contends that specific jurisdiction is proper because propulsion systems equipped with SKF bearings are housed in cruise ships that "operate[] out of the Texas port of

---

[27]      Id. p. 5.

Galveston"; drafts of the allegedly defamatory settlement agreement were "sent between Sweden, Miami and Austin"; a contract between Plaintiff and a third party "MARIN" was executed in Texas; and the "drafting and development of many of the trade secrets" took place in Texas.[28]

Neither Plaintiff's unilateral activities, such as the work he allegedly performed developing trade secrets in Texas, nor his execution of a contract with a third party are contacts that can be attributed to Defendant.  See Hydrokinetics, Inc., 700 F.2d at 1028.

Plaintiff has failed to introduce competent evidence regarding his allegation that cruise ships incorporating SKF products operate out of Texas.  Regardless, this contention alone provides no basis for inferring that the Swedish Defendants could "reasonably anticipate[] being haled into court" in Texas.  Luv N' care, 438 F.3d at 470 (citing World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980)); see also McFadin, 587 F.3d at 759 ("The defendant must not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person." (quoting Electrosource, Inc., v. Horizon Battery Techs., Ltd., 176 F.3d 867, 871-72 (5th Cir.1999)) (internal quotation marks omitted)).

Plaintiff's claim that drafts of the allegedly defamatory

---

[28]    See id. pp. 5-6.

settlement agreement were sent to Austin is likewise insufficient to support the exercise of specific jurisdiction over the Swedish Defendants.  To support personal jurisdiction against a defaming defendant, the Fifth Circuit requires that the "forum be the focal point of the story." Clemens v. McNamee, 615 F.3d 374, 379 (5th Cir. 2010) (quoting Calder v. Jones, 465 U.S. 783, 788-89 (1984)) (internal quotation marks omitted).  In Clemens, the Fifth Circuit held that the plaintiff had failed to make a prima facie showing that Texas was the focal point of allegedly defamatory statements because the statements did not concern activity in Texas and they were neither made in Texas nor directed to Texas residents any more than residents of any other state.  See id. at 380.  Plaintiff has introduced no evidence that the allegedly defamatory statements concerned activity in Texas, were made in Texas, or were directed to Texas residents.

The court finds that Plaintiff has failed to meet his prima facie burden of establish that the court has personal jurisdiction over the Swedish Defendants.  The court need not reach the Swedish Defendants' additional arguments for dismissal.

### III.  SKF USA's 12(b)(6) Motion to Dismiss

SKF USA moves to dismiss Plaintiff's suit for failure to state a claim.

### A.    Legal Standard for Failure to State a Claim

Pursuant to Rule 12(b)(6), dismissal of an action is

appropriate whenever the pleading, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.

**B.**  **Analysis**

SFK USA argues that dismissal is proper because Plaintiff has failed to allege facts sufficient to state claims for misappropriation of trade secrets, defamation, or fraud.

**1.**  **Misappropriation of trade secrets**

13

To establish a cause of action for trade secret misappropriation under Texas law, a plaintiff must show: (1) a trade secret existed; (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; and (3) use of the trade secret without authorization from the plaintiff.  See Wellogix, Inc. v. Accenture, L.L.P., 716 F.3d 867, 874 (5th Cir. 2013).  "A trade secret is any formula, pattern, device or compilation of information used in one's business, and which gives an opportunity to obtain an advantage over competitors who do not know or use it."  Taco Cabana Intern., Inc. v. Two Pesos, Inc., 932 F.2d 1113, 1123 (5th Cir. 1991).

The facts pled in Plaintiff's amended petition do not make out a plausible claim for trade secret misappropriation against SKF USA.  Plaintiff fails to articulate how SKF USA allegedly acquired, discovered, or made use of a trade secret.  Instead, Plaintiff makes conclusory statements such as "SKF relied on Plaintiff's trade secrets in misappropriating [P]laintiff's trade secrets," and "SKF misappropriated Plaintiff's trade secrets in a number of ways, including coercion, deception, defamation, conspiracy, and fraud."[29] Such pleading is insufficient under Twombly.  See In re Superior Air Parts, Inc., 486 B.R. 728 (Bankr. N.D. Tex. 2012) (dismissing trade secret misappropriation claim that failed to allege facts

---

[29]    Doc. 1-5, Ex. B3 to Swedish Defs.' Notice of Removal, Pl.'s Am. Orig. Pet. ¶¶ 29, 61.

supporting claim that defendant obtained alleged trade secrets by improper means).  The court concludes that Plaintiff has failed to state a claim for trade secret misappropriation against SKF USA.

### 2.  **Defamation**

To establish a cause of action for defamation under Texas law, a plaintiff who is a private individual must show that the defendant: "(1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting negligently with regard to the truth of the statement." Nasti v. CIBA Specialty Chem. Corp., 492 F.3d 589, 596 (5th Cir. 2007) (citing WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998)).  Defamation claims must also "specifically state the time and place of the publication." Watkins v. Tex. Dep't of Crim. J., 269 F. App'x 457, 465 (5th Cir. 2008) (unpublished) (internal quotation marks omitted).  A statement is defamatory if the words tend to injure a person's reputation, exposing the person to public hatred, contempt, ridicule, or financial injury or to impeach that person's honesty, integrity, or virtue. Abbot v. Pollock, 946 S.W.2d 513, 519 (Tex. App.-Austin 1997, writ denied).

Plaintiff alleges no facts in support of his claim that "SKF . . . defamed [P]laintiff by written agreement that [Rolls-Royce AB] had misappropriated SKF intellectual property via Plaintiff."[30] Plaintiff fails to plead the alleged defamatory statement, the time

---

[30]   Id. ¶ 63.

15

or place of publication, and the author of the statement. Accordingly, Plaintiff's cause of action for defamation cannot survive SKF USA's motion to dismiss. <u>See</u> <u>Roebuck v. Dothan Sec., Inc.</u>, 515 Fed. App'x 275, 280 (5th Cir. 2013) (affirming dismissal of defamation claim for failure to state a claim because plaintiff "failed to set forth any specific allegations regarding the alleged defamatory communications in his complaint"); <u>Shaunfield v. Bank of Am.</u>, No. 3:12-CV-3859-B, 2013 WL 1846885, at *3 (N.D. Tex. Apr. 24, 2013) (dismissing claim upon finding that plaintiff "ha[d] not made sufficient allegations as to the substance of the allegedly defamatory statements and, therefore, ha[d] failed to adequately allege that he [was] entitled to relief from [defendant] on his defamation claim.").

### 3.  <u>Fraud</u>

Under Texas law, the elements of a fraud cause of action are: "(1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result." <u>Herrmann Holdings Ltd. v. Lucent Tech. Inc.</u>, 302 F.3d 552, 563 n.3 (5th Cir. 2002).

Fraud claims are subject to a heightened pleading standard under Rule 9(b), which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) "requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." <u>U.S. ex rel. Steury v. Cardinal Health, Inc.</u>, 625 F.3d 262, 266 (5th Cir. 2010) (internal quotation marks omitted).

Plaintiff offers only a conclusory statement in support of his fraud claim, asserting that "SKF committed fraud and strong armed [Rolls-Royce] counsel defending the Mermaid Pod lawsuits to state in a settlement agreement that [Rolls-Royce AB] (Plaintiff) misappropriated the patent claims developed by Plaintiff."[31] This unelaborated reference to "fraud" does not satisfy the requirements of Rule 9(b). Plaintiff's fraud claim fails to state a claim against SKF USA.

**IV. Conclusion**

Based on the foregoing, the court **RECOMMENDS** that the Swedish Defendants and SKF USA's motions be **GRANTED.**

The court is aware that, while this matter was pending, Plaintiff attempted to amend his complaint. That complaint was struck for Plaintiff's failure to comply with Rule 15(a). The court has reviewed this complaint in light of its finding that Plaintiff has failed to state claims for trade secret misappropriation, defamation, and fraud against SKF USA. The court finds that this amended complaint would not have corrected the

---

[31]     <u>Id.</u> ¶ 62.

pleading deficiencies discussed above.  Because the court has no confidence that Plaintiff can state facts that would support its claims against SKF USA, the court does not grant Plaintiff the opportunity to file an amended complaint.  The court may reconsider this recommendation if Plaintiff alleges, in timely filed objections, specific facts that would support a claim against SKF USA.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 31st day of January, 2014.

Nancy K. Johnson
United States Magistrate Judge

18